# IN THE UNITED STATES DISTRICT COURT FOR THE
## MIDDLE DISTRICT OF TENNESSEE
## COLUMBIA DIVISION

|  |  |  |
|---|---|---|
| **ERIC O. BOND,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **NO. 1:22-cv-00025** |
| | ) | |
| **SOUTH CENTRAL CORRECTIONAL** | ) | **JUDGE CAMPBELL** |
| **FACILITY MEDICAL STAFF,** | ) | **MAGISTRATE JUDGE HOLMES** |
| | ) | |
| **Defendant.** | ) | |

## MEMORANDUM OPINION

Plaintiff Eric O. Band, an inmate of the South Central Correctional Facility (SCCF) in Clifton, Tennessee, filed this pro se, in forma pauperis action under 42 U.S.C. § 1983 against the "South Central Correctional Facility Medical Staff," alleging violations of Plaintiff's civil and constitutional rights. (Doc. No. 1).

The complaint is before the Court for an initial review pursuant to the Prison Litigation Reform Act ("PLRA"), 28 U.S.C. §§ 1915(e)(2) and 1915A.

## I. PLRA SCREENING STANDARD

Under 28 U.S.C. § 1915(e)(2)(B), the court must dismiss any portion of a civil complaint filed in forma pauperis that fails to state a claim upon which relief can be granted, is frivolous, or seeks monetary relief from a defendant who is immune from such relief. Section 1915A similarly requires initial review of any "complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity," *id.* § 1915A(a), and summary dismissal of the complaint on the same grounds as those articulated in Section 1915(e)(2)(B). *Id.* § 1915A(b).

1

The court must construe a pro se complaint liberally, *United States v. Smotherman*, 838 F.3d 736, 739 (6th Cir. 2016) (citing *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)), and accept the plaintiff's factual allegations as true unless they are entirely without credibility. *See Thomas v. Eby*, 481 F.3d 434, 437 (6th Cir. 2007) (citing *Denton v. Hernandez*, 504 U.S. 25, 33 (1992)). Although pro se pleadings are to be held to a less stringent standard than formal pleadings drafted by lawyers, *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972); *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991), the courts' "duty to be 'less stringent' with pro se complaints does not require us to conjure up [unpleaded] allegations." *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979) (citation omitted).

## II. SECTION 1983 STANDARD

Title 42 U.S.C. § 1983 creates a cause of action against any person who, acting under color of state law, abridges "rights, privileges, or immunities secured by the Constitution and laws . . . ." To state a claim under Section 1983, a plaintiff must allege and show two elements: (1) that he was deprived of a right secured by the Constitution or laws of the United States; and (2) that the deprivation was caused by a person acting under color of state law. *Dominguez v. Corr. Med. Servs.,* 555 F.3d 543, 549 (6th Cir. 2009) (quoting *Sigley v. City of Panama Heights*, 437 F.3d 527, 533 (6th Cir. 2006)); 42 U.S.C. § 1983.

## III. FACTS ALLEGED IN THE COMPLAINT

The complaint alleges that, on October 8, 2021,[1] while incarcerated at the SCCF, Plaintiff sustained injuries after being assaulted by another inmate. Plaintiff was transported to the Hardin County Medical Center that evening where x-rays were taken. An unidentified individual

---

[1] The complaint also contains allegations pertaining to dates in 2018. It appears, although the Court cannot be certain, that Plaintiff simply made a mistake when writing those dates because he refers to pain stemming from the 10/8/2021 assault. *See, e.g.,* Doc. No. 1 at 7-8 (referring to 10/17/18).

2

determined that Plaintiff needed to go to the Jackson Madison County General Hospital "as soon as possible" for surgery. However, Plaintiff was returned to SCCF and has not been transported to any hospital for surgery.

On October 18, 2021, Plaintiff went to the medical unit and was seen by Nurse Pitts. Nurse Pitts brought NPRN Dean to examine Plaintiff's fingers, and Dean "was upset about the way medical has handled [Plaintiff's] situation. She said [Plaintiff] should have been done seen [by] somebody by now." (Doc. No. 1 at 9). Dean gave Plaintiff a shot in his hip and instructed Nurse Pitts "to clean up [Plaintiff's] fingers really well." (*Id.*) Dean also prescribed Plaintiff ibuprofen and scheduled Plaintiff for an appointment with an orthopedic doctor.

Plaintiff "take[s] an antibiotic twice a day and get[s] his bandages changed once a day by a staff nurse." (*Id*. at 7). On October 21, 2021, however, a nurse told Plaintiff that he would not receive antibiotics anymore. Plaintiff still is experiencing pain in his fingers, which he states are broken.

## IV. ANALYSIS

The complaint only names one Defendant to this action: the SCCF Medical Staff. The complaint alleges that the SCCF Medical Staff failed to provide adequate medical care to Plaintiff for the injuries he sustained in an attack by another inmate.

While the complaint does not identify the entity responsible for providing health care to inmates confined at the SCCF, the Court takes judicial notice of the fact that CoreCivic is a private entity contracted to manage SCCF.[2] As the private entity contracted to manage SCCF, CoreCivic

---

[2] The Court "may take judicial notice of 'a fact that is not subject to reasonable dispute' either because such a fact 'is generally known' or 'can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned.'" *Davis v. City of Clarksville*, 492 F. App'x 572, 578 (6th Cir. 2012) (quoting Fed. R. Evid. 201(b) ). The website for the Tennessee Department of Correction reflects that CoreCivic is a private entity that manages SCCF. South Central Correctional Facility, TENNESSEE DEPARTMENT OF CORRECTION, https://www.tn.gov/correction/sp/state-prison-list/south-central-correctional-facility (last visited July 26, 2022).

is "a private corporation that performs the traditional state function of operating a prison." *Gennoe v. Washburn*, Case No. 3:19-cv-00478, 2019 WL 5693929, at \*5 (M.D. Tenn. Nov. 4, 2019) (citations omitted). Accordingly, CoreCivic is subject to suit under Section 1983. *Thomas v. Coble*, 55 F. App'x 748, 748 (6th Cir. 2003) (citing *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996)); *see also Shadrick v. Hopkins Cty., Ky.*, 805 F.3d 724, 736 (6th Cir. 2015) (citing *Rouster v. Cty. of Saginaw*, 749 F.3d 437, 453 (6th Cir. 2014)).

The Sixth Circuit Court of Appeals has applied the standards for assessing municipal liability to claims against private corporations that operate prisons. *Thomas*, 55 F. App'x at 748-49; Street, 102 F.3d at 817-18; *Johnson v. Corr. Corp. of Am.*, 26 F. App'x 386, 388 (6th Cir. 2001). Thus, CoreCivic "cannot be held liable under a theory of respondeat superior." *Street*, 102 F.3d at 818; *Braswell v. Corr. Corp. of Am.*, 419 F. App'x 622, 627 (6th Cir. 2011). To prevail on a Section claim against CoreCivic, a plaintiff must allege: (1) that he suffered a constitutional violation; and (2) that a policy or custom of CoreCivic directly caused the violation. *See Savoie v. Martin*, 673 F.3d 488, 494 (6th Cir. 2012) (citing *Miller v. Sanilac Cty.*, 606 F.3d 240, 255 (6th Cir. 2010)); *Braswell*, 419 F. App'x at 627.

To the extent that the pro se Plaintiff intended to sue CoreCivic for the alleged violation of his federal constitutional rights under Section 1983, Plaintiff makes no allegation regarding a "policy or custom" of CoreCivic. Therefore, any Section 1983 claims asserted against CoreCivic would fail.

Neither can Plaintiff proceed with claims against "SCCF Medical Staff." It does not appear that the SCCF Medical Staff is a separate entity capable of being sued. In addition, the collective grouping of all medical staff as a single defendant is insufficient to enable service of process upon any particular defendant. *See Baker v. Boyd*, No. 5:11-CV-P59-R, 2011 WL 4746556, at \*4 (W.D.

4

Ky. Oct. 7, 2011) (noting that "it is impossible for the Court to direct service of the complaint" upon unknown corrections, jail, and medical staff); *see also Cottrell v. Does 1-25*, No. C16-5079 RBL-KLS, 2017 WL 1208030, at \*2 (W.D. Wash. Feb. 8, 2017), *report and recommendation adopted*, No. C16-5079 RBL-KLS, 2017 WL 1198388 (W.D. Wash. Mar. 31, 2017) (finding that plaintiff "cannot sue the entire 'Thurston County Medical Staff,' but instead, he must name a particular defendant or defendants . . . [who allegedly] caused or personally participated in causing" the constitutional violation). However, taking into account Plaintiff's pro se status, the Court considers next whether the complaint would state a viable Section 1983 claim if Plaintiff had named as defendants any of the individual nurses or doctors responsible for his medical care at SCCF.

Failure to provide medical care may give rise to a violation of a prisoner's rights under the Eighth Amendment. *See Estelle v. Gamble*, 429 U.S. 97, 104 (1976) (deliberate indifference to serious medical needs of prisoners constitutes the unnecessary and wanton infliction of pain proscribed by the Eighth Amendment). A claim of deliberate indifference to a prisoner's medical or mental health needs under the Eighth Amendment has both an objective and subjective component. *Rouster v. Cnty. of Saginaw*, 749 F.3d 437, 446 (6th Cir. 2014). A plaintiff satisfies the objective component by alleging that the prisoner had a medical need that was "sufficiently serious." *Id*. (quoting *Farmer*, 511 U.S. at 834). A plaintiff satisfies the subjective component "by alleging facts which, if true, would show that the official being sued subjectively perceived facts from which to infer substantial risk to the prisoner, that he did in fact draw the inference, and that he then disregarded that risk." *Id*. Deliberate indifference "entails something more than mere negligence," *Farmer*, 511 U.S. at 835, but can be "satisfied by something less than acts or omissions for the very purpose of causing harm or with knowledge that harm will result." *Id*.

5

Under these standards, "a complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment. Medical malpractice does not become a constitutional violation merely because the victim is a prisoner. In order to state a cognizable claim, a prisoner must allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." *Estelle*, 429 U.S. at 106. In addition, the Sixth Circuit distinguishes "between cases where the complaint alleges a complete denial of medical care and those cases where the claim is that a prisoner received inadequate medical treatment." *Westlake v. Lucas*, 537 F.2d 857, 860 n.5 (6th Cir. 1976). Where "a prisoner has received some medical attention and the dispute is over the adequacy of the treatment, federal courts are generally reluctant to second guess medical judgments and to constitutionalize claims which sound in state tort law." *Id.* A prisoner's difference of opinion regarding diagnosis or treatment also does not rise to the level of an Eighth Amendment violation. *Estelle*, 429 U.S. at 107.

Here, had Plaintiff named as defendants the individual nurses and/or doctors responsible for his case at SCCF up to June 2, 2022,[3] the complaint still would not state Section 1983 claims upon which relief could be granted against those individuals. That is because Plaintiff acknowledges that he has received some medical treatment for his injuries. Plaintiff's allegations concerning the treatment he has received (transport to an outside hospital for examination, examination by SCCF nurses, antibiotic cream, a shot, wound care, ibuprofen) reflect a dispute over the adequacy of treatment or a difference of opinion regarding diagnosis or treatment, neither of which rises to the level of an Eighth Amendment violation. *Westlake,* 537 F.3d at 860 n.5.

---

[3] The complaint states that Plaintiff mailed his complaint to Sonya Reid on October 25, 2021, presumably so that she could file the complaint for him, but Plaintiff signed the complaint on June 2, 2022. (*Id*. at 9, 13). The Court received the complaint on July 19, 2022. (*Id*. at 9).

Plaintiff also acknowledges that an appointment for him to see an orthopedic doctor has been scheduled. These allegations do not evidence deliberate indifference by the SCCF medical staff members who have been treating Plaintiff. *See Rouster*, 749 F.3d 437, 446.

In summary, the complaint fails to state claims under Section 1983 upon which relief can be granted against the sole named Defendant, the SCCF Medical Staff. Further, had Plaintiff named as defendants the individual nurses and/or doctors responsible for his case at SCCF, the complaint still would not state Section 1983 claims upon which relief could be granted against those individuals. The complaint must be dismissed.

### V. CONCLUSION

Having screened the complaint pursuant to the PRLA, the Court finds that the complaint fails to state claims upon which relief can be granted under Section 1983. Accordingly, this case will be dismissed.

The Court's decision herein does not address any claims Plaintiff may have regarding the adequacy of medical treatment, or lack of medical treatment, occurring after June 2, 2022.

An appropriate Order will be entered.

_____
WILLIAM L. CAMPBELL, JR.
UNITED STATES DISTRICT JUDGE

7